UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

SANTOS VILLATORO VILLATORO         )
    Plaintiff,                     )
                               )
           v.                        )   Civil Action No. 1:15cv606
                               )
CRESPO'S GENERAL CONTRACTING,      )
LLC, et al.,                       )
    Defendants.                    )

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on plaintiff's Rule 55(b)(2) Motion for Entry of Default Judgment and Award of Attorneys' Fees and Costs. (Dkt. 11.) After a representative for defendants failed to respond to plaintiff's Motion or to appear at the hearing on January 29, 2016, the undersigned Magistrate Judge took this matter under advisement.[1]

## I. INTRODUCTION

### A. Background

Plaintiff Santos Villatoro Villatoro is an adult resident of Virginia. (Compl. ¶ 3.) Defendant Crespo's General Contracting, LLC is a Virginia limited liability company,[2] and

---

[1] The record before the Court includes the Complaint ("Compl.") (Dkt. 1), plaintiff's Rule 55(b)(2) Motion for Entry of Default Judgment and Award of Attorneys' Fees and Costs ("Mot. Default J.") (Dkt. 11), the Declaration of Santos Villatoro Villatoro ("Villatoro Decl.") (Dkt. 11-1), the Affidavit of Mary Craine Lombardo in Support of Request for Award of Costs, Expenses, and Attorneys' Fees ("Lombardo Aff.") (Dkt. 11-2), and all attachments and exhibits submitted with those filings.

[2] Although the Complaint states that defendant Crespo's General Contracting, LLC is a Virginia corporation, a review of the business entity details on file with the Commonwealth of Virginia State Corporation Commission shows

defendant Richard Crespo is the owner of Crespo's General Contracting, LLC and a resident of Alexandria, Virginia. (Id. at 1, ¶¶ 4-5.) Defendants employed plaintiff as a laborer from September 11, 2011 through July 25, 2014. (Id. at ¶ 17.) During that time, defendants paid plaintiff various hourly wages. (Id. at ¶ 19.) For plaintiff's first year, defendants paid him a regular hourly rate of $8.00, the following year defendants paid plaintiff $10.00 per hour, and for the remainder of his employment, plaintiff was paid $12.00 per hour. (Id.) Although plaintiff worked approximately 66 hours per week, defendants did not pay plaintiff at a rate of one-and-one-half times his hourly wage for those hours he worked above 40 hours per week. (Id. at ¶ 20.) Defendants also did not pay plaintiff for his final month of work. (Id. at ¶¶ 32, 35.) On May 8, 2015, plaintiff filed suit against defendants alleging overtime and minimum wage violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq., and breach of contract. (Id. at 1, ¶¶ 29-32, 34-39.) Plaintiff now seeks unpaid overtime and minimum wages, liquidated damages, and attorneys' fees and costs.[3] (Mot. Default J. 1, 4-5, 10.)

---

that Crespo's General Contracting, LLC is in fact a Virginia limited liability company.

[3] Regarding the month in which plaintiff was not paid at all, it is unclear from plaintiff's Motion for Default Judgment whether he is moving for default judgment on his FLSA claim for unpaid minimum wages, or on his breach of contract claim. However, because plaintiff would recover more on his FLSA claim for unpaid minimum wages (in light of the statute's liquidated damages provision), this Report & Recommendation addresses plaintiff's FLSA claim, rather than the breach of contract claim.

## B. Jurisdiction and Venue

Before the Court can render default judgment, it must have both subject matter and personal jurisdiction over the defaulting party/parties.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which provides that district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. This dispute arises under FLSA, 29 U.S.C. § 201 et seq., which provides relief for an action to recover unpaid minimum wages, unpaid overtime compensation, liquidated damages, and attorneys' fees and costs. See 29 U.S.C. § 216(b). Therefore, federal question jurisdiction exists for this action.

This Court also has personal jurisdiction over defendants because defendant Crespo's General Contracting, LLC is a Virginia limited liability company and defendant Richard Crespo is a Virginia resident. (Compl. 1, ¶ 4.)

Pursuant to 28 U.S.C. § 1391(b)(1), venue is proper because both defendants reside in Virginia and defendant Richard Crespo resides within this judicial district. (Id. at 1, ¶ 2.)

## C. Service of Process

As a general rule, a defendant must be served with the summons and complaint filed with the court. Fed. R. Civ. P. 4. After multiple failed attempts by plaintiff's private process

3

server to serve defendant Crespo's General Contracting, LLC's registered agent and defendant Richard Crespo, plaintiff on September 2, 2015, moved for alternative service on defendants. (Dkt. 3.) This Court granted that motion and ordered that plaintiff serve Crespo's General Contracting, LLC through the State Corporation Commission and serve Richard Crespo through posting at his last known address. (Dkt. 4.) On September 9, 2015, plaintiff served the Clerk of the Commonwealth of Virginia State Corporation Commission as agent for Crespo's General Contracting, LLC. (Dkt. 5.) On September 14, 2015, plaintiff's private process server posted the complaint and summons at Richard Crespo's last known address. (Dkt. 6.) These methods of service are authorized under Virginia law, and therefore comply with Federal Rule of Civil Procedure 4. See Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A); Va. Code Ann. §§ 13.1-1018(B), 12.1-19.1, 8.01-296(2)(b). Thus service on defendants here was proper.

### D. Grounds for Default Judgment

Defendants have not appeared, answered, or otherwise filed any responsive pleadings in this case. On November 5, 2015, the Clerk of this Court entered default as to defendants pursuant to plaintiff's Request for Entry of Default and Federal Rule of Civil Procedure 55(a). (Dkt. 9.) On December 1, 2015, the Honorable James C. Cacheris ordered that plaintiff file a Motion for Default Judgment. (Dkt. 10.) Plaintiff filed a Motion for

4

Default Judgment on January 8, 2016. (Dkt. 11.)

## II. FINDINGS OF FACT

Based upon the Complaint, plaintiff's Rule 55(b)(2) Motion
for Entry of Default Judgment and Award of Attorneys' Fees and
Costs, the Declaration of Santos Villatoro Villatoro, and the
Affidavit of Mary Craine Lombardo in Support of Request for
Award of Costs, Expenses, and Attorneys' Fees, the undersigned
Magistrate Judge makes the following findings.

Plaintiff Santos Villatoro Villatoro is a resident of
Virginia, defendant Crespo's General Contracting, LLC is a
Virginia limited liability company, and defendant Richard Crespo
is the owner of Crespo's General Contracting, LLC and a resident
of Alexandria, Virginia. (Compl. 1, ¶¶ 3-5.) At all times
relevant to plaintiff's claims, defendants—in the aggregate and
as a single enterprise—had an annual gross volume of sales made
or business done in an amount exceeding $500,000 and employed
two or more employees engaged in commerce, working with goods or
materials that moved in or were produced for commerce. (Id. at
¶¶ 6-8.) Defendants negotiate and purchase from producers and
suppliers who operate in interstate commerce and serve customers
in interstate commerce. (Id. at ¶ 8.) Defendant Richard Crespo
controlled the day-to-day operations of Crespo's General
Contracting, LLC and supervised plaintiff. (Id. at ¶¶ 10, 12.)
Defendant Richard Crespo also had the power to hire, fire,

5

suspend, and discipline plaintiff and directly or indirectly set
and determined plaintiff's work schedule and rate of pay. (Id.
at ¶¶ 11, 13-14.)

Defendants employed plaintiff as a laborer from September
11, 2011 through July 25, 2014. (Id. at ¶ 17; Villatoro Decl. ¶
1; Mot. Default J. 1.) During plaintiff's employment, defendants
paid plaintiff various hourly wages. (Compl. ¶ 19; Mot. Default
J. 2.) For plaintiff's first year, defendants paid him a regular
hourly rate of $8.00, the following year defendants paid
plaintiff $10.00 per hour, and for the remainder of his
employment, plaintiff was paid $12.00 per hour. (Compl. ¶ 19;
Mot. Default J. 2.) Although plaintiff worked approximately 66
hours per week, defendants did not pay plaintiff at a rate of
one-and-one-half times his hourly wage for those hours he worked
above 40 hours per week. (Compl. ¶ 20; Villatoro Decl. ¶ 7; Mot.
Default J. 2.) Plaintiff worked 1,456 hours from December 2011
through December 2012 for which he was not paid overtime, 1,352
hours in 2013 for which he was not paid overtime, and 754 hours
in 2014 for which he was not paid overtime. (Villatoro Decl. ¶¶
2-5; Mot. Default J. 4-5.) Plaintiff therefore was not paid the
additional half of his regular hourly rate owed for these
overtime hours. Defendants also did not pay plaintiff for his
final month of work. (Compl. ¶¶ 32, 35; Villatoro Decl. ¶ 6;
Mot. Default J. 5.)

6

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

Where a defendant has defaulted, the facts set forth in the plaintiff's complaint are deemed admitted. Before entering default judgment, however, the Court must evaluate the plaintiff's complaint to ensure that the complaint properly states a claim. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). As such, it is appropriate to evaluate plaintiff's claim against the standards of Federal Rule of Civil Procedure 12(b)(6).

Plaintiff moves for the Court to grant default judgment pursuant to his allegations that defendants violated the overtime compensation and minimum wage provisions of FLSA, 29 U.S.C. §§ 206, 207.

### A. Unpaid Overtime Wages

In order to establish a violation of FLSA for non-payment of overtime wages, a plaintiff must show that (1) he was employed by the defendant, (2) plaintiff was engaged in interstate commerce or in the production of goods for interstate commerce, (3) plaintiff worked over 40 hours per work-week, (4) plaintiff was not compensated at a rate of one-and-one-half times his regular rate for each hour worked in excess of 40 hours per work-week, and (5) none of the exemptions in 29 U.S.C. § 213 applied to plaintiff's position. See 29 U.S.C. § 207(a); Davis v. Food Lion, 792 F.2d 1274, 1276-77 (4th Cir. 1986).

7

Here, the Complaint sets forth each element of this claim.

First, plaintiff was employed by defendants. FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "Employ" is defined to include "to suffer or permit to work." 29 U.S.C. § 203(g). Furthermore, individual defendants can be held liable as employers under FLSA. See Brock v. Hamad, 867 F.2d 804, 808 n.6 (4th Cir. 1989). Under the majority rule, an individual corporate officer may be subject to liability in his individual capacity if he acts as a supervisor with sufficient control over the conditions and terms of a plaintiff's employment. Zegarra v. Marco Polo, Inc., No. 1:08cv891, 2009 U.S. Dist. LEXIS 3845, at *5-6 (E.D. Va. Jan. 21, 2009) (citing Kilvitis v. County of Luzerne, 52 F. Supp. 2d 403, 413 (M.D. Pa. 1999)). Here, defendant Richard Crespo owns Crespo's General Contracting, LLC. (Compl. ¶ 5.) Richard Crespo controlled the day-to-day operations of Crespo's General Contracting and supervised plaintiff. (Id. at ¶¶ 10, 12.) Richard Crespo also had the power to hire, fire, suspend, and discipline plaintiff and directly or indirectly set and determined plaintiff's work schedule and rate of pay. (Id. at ¶¶ 11, 13-14.) Therefore, both Crespo's General Contracting, LLC and Richard Crespo are employers for the purposes of FLSA.

Defendants employed plaintiff as a laborer from September

8

11, 2011 through July 25, 2014. (Id. at ¶ 17; Villatoro Decl. ¶ 1; Mot. Default J. 1.) During plaintiff's employment, defendants paid plaintiff various hourly wages. (Compl. ¶ 19; Mot. Default J. 2.) Therefore, plaintiff alleged facts sufficient to satisfy the first element of an overtime violation claim under FLSA.

Second, the Complaint shows that plaintiff was engaged in interstate commerce or in the production of goods for interstate commerce. Pursuant to FLSA, an employee who works for an enterprise engaged in commerce or the production of goods for commerce is an employee covered by the Act regardless of his actual work duties. Russell v. Cont'l Rest., Inc., 430 F. Supp. 2d 521, 524 (D. Md. 2006) (citing 29 U.S.C. § 203(s)(1)(A)). An "enterprise engaged in commerce or in the production of goods for commerce" is defined as one that

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)[.]

29 U.S.C. § 203(s)(1)(A). Here, plaintiff worked for defendants' business. (Compl. ¶ 17; Villatoro Decl. ¶ 1.) Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce. (Compl. ¶ 8.) Furthermore, the gross annual volume of

9

sales made or business done by defendants—in the aggregate and as a single enterprise—exceeded $500,000 at all times relevant to this action. (Id. at ¶ 6.) Therefore, plaintiff was engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

Third, plaintiff shows that he worked over 40 hours per week during the time period for which he was employed. Plaintiff worked an average of 66 hours per week, but was not paid above his regular hourly rate for those hours he worked above 40 hours per week.[4] (Villatoro Decl. ¶ 7; Compl. ¶ 20; Mot. Default J. 2.) Plaintiff submitted a sworn declaration in support of that evidence. Therefore, plaintiff adequately demonstrated facts to

---

[4] FLSA requires the employer to keep certain records of hours worked and wages paid. 29 U.S.C. § 211(c). Where the employer fails to keep adequate records, the employee enjoys a lenient burden of proof. See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946), superseded by statute on other grounds as recognized in IBP, Inc. v. Alvarez, 546 U.S. 21, 25-28 (2005). As the Supreme Court held in Anderson,

> [A]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer . . . . If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. . . . It is enough under these circumstances if there is a basis for a reasonable inference as to the extent of the damages.

328 U.S. at 687-88. Furthermore, an employee's affidavit about his recollection of the hours he worked and the pay he received, if deemed credible by the Court, may be a basis for the Court to award damages. See, e.g., Wirtz v. Durham Sandwich Co., 367 F.2d 810, 812 (4th Cir. 1966); Lopez v. Lawns 'R' Us, Civ. No. DKC 07-2979, 2008 U.S. Dist. LEXIS 112120, at *9 (D. Md. May 23, 2008) ("An employee's testimony as to his recollection of the hours he worked and the pay he received, if considered credible by the trier of fact, is sufficient to establish a prima facie case of wages owed.").

support this element of his claim.

Fourth, plaintiff shows that he was not compensated at a rate of one-and-one-half times his regular rate for each hour worked in excess of 40 hours per week. Plaintiff worked on average 66 hours per week while employed by defendants. (Villatoro Decl. ¶ 7; Compl. ¶ 20; Mot. Default J. 2.) Plaintiff represents in his sworn affidavit that he was not paid at the required overtime rate of one-and-one-half times his hourly rate for those hours worked over 40 hours per week. (Villatoro Decl. ¶ 7.) As such, this element is satisfied.

Fifth, no evidence has been produced to show that any of the exemptions listed in 29 U.S.C. § 213 apply to plaintiff. Consequently, plaintiff appears to be a covered employee entitled to payment of overtime wages. See Darveau v. Detecon, Inc., 515 F.3d 334, 337 (4th Cir. 2008) ("An employer bears the burden of proving that a particular employee's job falls within such an exemption.").

### B. Unpaid Minimum Wages

To establish a violation of FLSA for non-payment of minimum wage under 29 U.S.C. § 206, a plaintiff must show that (1) plaintiff was employed by the defendant, (2) plaintiff was engaged in interstate commerce or in the production of goods for interstate commerce, (3) plaintiff was not compensated for all hours worked during each work-week at a rate equal to or greater

11

than the applicable minimum wage, and (4) none of the exemptions in 29 U.S.C. § 213 applied to plaintiff's position. See 29 U.S.C. § 206. Here, the Complaint and plaintiff's declaration satisfy each element of this claim.

First, as discussed above, plaintiff was employed by defendants (both of which are employers for the purposes of FLSA). Defendants employed plaintiff as a laborer from September 11, 2011 through July 25, 2014. (Compl. ¶ 17; Villatoro Decl. ¶ 1; Mot. Default J. 1.) During plaintiff's employment, defendants paid plaintiff various hourly wages. (Compl. ¶ 19; Mot. Default J. 2.) Therefore, plaintiff alleged facts sufficient to satisfy the first element of a minimum wage violation claim under FLSA.

Second, as similarly discussed above, the Complaint shows that plaintiff was engaged in interstate commerce or in the production of goods for interstate commerce. Plaintiff worked for defendants' business. (Compl. ¶ 17; Villatoro Decl. ¶ 1.) Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce. (Compl. ¶ 8.) Furthermore, the gross annual volume of sales made or business done by defendants—in the aggregate and as a single enterprise—exceeded $500,000 at all times relevant to this action. (Id. at ¶ 6.) Therefore, plaintiff was engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12

Third, plaintiff shows that he was not adequately
compensated pursuant to FLSA's mandates. From September 11, 2011
to July 25, 2014, plaintiff worked on average 66 hours per week.
(Compl. ¶¶ 17, 20; Villatoro Decl. ¶¶ 1, 7.) However, defendants
did not pay plaintiff for his final month of work. (Compl. ¶¶
32, 35; Villatoro Decl. ¶ 6; Mot. Default J. 5.) Plaintiff
submitted a sworn declaration in support of that evidence.[5]
Therefore, plaintiff adequately demonstrated facts to support
this element of his claim.

Finally, no evidence has been produced to show that any of
the exemptions listed in 29 U.S.C. § 213 apply to plaintiff.
Consequently, plaintiff appears to be a covered employee
entitled to payment of minimum wages. See Darveau v. Detecon,
Inc., 515 F.3d 334, 337 (4th Cir. 2008) ("An employer bears the
burden of proving that a particular employee's job falls within
such an exemption.").

## IV. REQUESTED RELIEF

Plaintiff requests that the Court (1) grant default
judgment against defendants Crespo's General Contracting, LLC
and Richard Crespo in the amount of $36,719.04, consisting of
$18,359.52 in unpaid overtime and minimum wages plus an equal
amount in liquidated damages,[6] and (2) award costs and reasonable

---

[5] See supra note 4 regarding plaintiff's burden of proof and the permitted use
of an employee's affidavit as proof of hours worked and pay received.
[6] Plaintiff's Motion for Default Judgment actually requests $39,720.00,

13

attorneys' fees. (Mot. Default J. 1, 4-5, 10.)

FLSA provides that "[a]ny employer who violates [the Act] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Pursuant to FLSA, all hours past 40 worked in any given week must be compensated at a rate of "not less than one and one-half times the regular rate." 29 U.S.C. § 207(a)(1). Additionally, the minimum wage under FLSA is $7.25 per hour. 29 U.S.C. § 206(a)(1)(C).

Here, during plaintiff's employment from September 11, 2011 to July 25, 2014, defendants paid plaintiff various hourly rates. (Compl. ¶¶ 17, 19; Mot. Default J. 1-2.) For plaintiff's first year, defendants paid him a regular hourly rate of $8.00, the following year defendants paid plaintiff $10.00 per hour, and for the remainder of his employment, plaintiff was paid $12.00 per hour. (Compl. ¶ 19; Mot. Default J. 2.) Accordingly,

---

consisting of $19,860 in unpaid overtime and straight wages plus an equal amount in liquidated damages. However, plaintiff calculates his overtime and straight wages for the month he was not paid using the regular hourly rate of $12.00. But, as noted supra note 3, plaintiff will ultimately recover more by proceeding under his FLSA claim for unpaid minimum wages for that month, in light of the statute's liquidated damages provision which would not apply if plaintiff calculated his straight wages based on his breach of contract claim (even though plaintiff attempts to apply the liquidated damages provision in such a manner in his damages calculations). As such, as described below, the undersigned has determined that the correct amount of damages is $36,719.04, consisting of $18,359.52 in unpaid overtime and minimum wages plus an equal amount in liquidated damages.

for the entire period of plaintiff's employment with defendants for which plaintiff was paid, plaintiff is owed the additional half of his corresponding regular rate. As such, for December 2011 through December 2012, plaintiff worked 1,456 hours for which he was not paid overtime, and his regular hourly rate was $8.00. (Villatoro Decl. ¶ 2; Mot. Default J. 4.) Therefore, defendants owe plaintiff (1/2) x ($8.00) x (1,456 hours), which equals $5,824.00. (Villatoro Decl. ¶ 2; Mot. Default J. 4.) Plaintiff then worked 1,352 hours in 2013 for which he was not paid overtime, and his regular hourly rate was $10.00. (Villatoro Decl. ¶ 3; Mot. Default J. 4.) Thus defendants owe plaintiff (1/2) x ($10.00) x (1,352 hours), which equals $6,760.00. (Villatoro Decl. ¶ 3; Mot. Default J. 4.) In 2014, plaintiff worked 416 hours at an hourly rate of $10.00 and 234 hours at an hourly rate of $12.00 for which he was not paid overtime. (Villatoro Decl. ¶¶ 4-5; Mot. Default J. 5.) Therefore, defendants owe plaintiff ((1/2) x ($10.00) x (416 hours)) + ((1/2) x ($12.00) x (234 hours)), which equals $3,484.00.[7] (Villatoro Decl. ¶¶ 4-5; Mot. Default J. 5.)

Additionally, for the final month of plaintiff's employment (June 25, 2014 to July 25, 2014) for which defendants did not

---

[7] As explained supra note 6, these numbers vary from the values calculated by plaintiff in his declaration and Motion for Default Judgment because plaintiff included in his calculations 104 overtime hours worked in his final month that must be separated out when proceeding under the FLSA minimum wage violation claim as the undersigned has done.

pay plaintiff, defendants owe plaintiff straight pay at $7.25 per hour – the minimum wage set by FLSA - for each hour worked in those weeks up to 40 hours per week. Defendants also owe plaintiff at the corresponding overtime rate of $10.88 (calculated as $7.25 x 1.5) for those hours worked above 40 hours per week in those unpaid weeks. Therefore, defendants owe plaintiff 160 hours of straight pay (4 weeks x 40 hours per week) at $7.25 per hour, and 104 hours of overtime pay (4 weeks x 26 overtime hours per week) at $10.88 per hour, which totals $2,291.52. (Villatoro Decl. ¶ 6; Mot. Default J. 5.)[8]

Furthermore, in FLSA cases, employees routinely are awarded an amount of liquidated damages equal to unpaid wages. See 29 U.S.C. § 216(b); Donovan v. Bel-Loc Diner, Inc., 780 F.2d 1113, 1118 (4th Cir. 1985). An employer may attempt to show that the violation of FLSA was in good faith in an effort to avoid payment of the liquidated amount. See 29 U.S.C. § 260; Donovan, 780 F.2d at 1118. In this case, the employer has failed to appear and present any defense to plaintiff's claim of a willful violation of FLSA. Accordingly, an award of liquidated damages equal to the unpaid wages is appropriate.

For these reasons, the undersigned recommends that default judgment be entered against defendants Crespo's General

---

[8] Again, these numbers vary from those calculated in plaintiff's declaration and Motion for Default Judgment. The undersigned merely cites to these documents in reference to the number of hours worked by plaintiff during that month.

16

Contracting, LLC and Richard Crespo in the amount of $36,719.04, consisting of $18,359.52 in unpaid overtime and minimum wages and $18,359.52 in liquidated damages under FLSA.

FLSA also provides for the mandatory award of attorneys' fees and costs of the action. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

In support of his request for attorneys' fees and costs, plaintiff submitted the Affidavit of Mary Craine Lombardo in Support of Request for Award of Costs, Expenses, and Attorneys' Fees. (Dkt. 11-2.) Plaintiff seeks $3,740.00 in attorneys' fees, comprised of 0.7 hours by paralegal Natalia Prado at a rate of $160.00 per hour, 2.4 hours by paralegal Lauren Carpenter at a rate of $150.00 per hour, 3 hours by attorney Eduardo Garcia at a rate of $275.00 per hour, 1 hour by attorney Jonathan F. Lieberman at a rate of $395.00 per hour, 0.4 hours by attorney Mary C. Lombardo at a rate of $395.00, and 4.5 hours by attorney Mary C. Lombardo at a rate of $420.00 per hour. (Lombardo Aff. Ex. 1.) Plaintiff also seeks costs in the amount of $583.64. (Id. at ¶ 4A, Ex. 1.) The undersigned has reviewed Ms. Lombardo's affidavit and finds that these amounts are reasonable and necessary to effectuate relief under FLSA. Thus the undersigned recommends that plaintiff be awarded $3,740.00 in

attorneys' fees and $583.64 in costs.

## V. RECOMMENDATION

For the reasons outlined above, the undersigned recommends that default judgment be entered in favor of plaintiff Santos Villatoro Villatoro against defendants Crespo's General Contracting, LLC and Richard Crespo in the total amount of $41,042.68, which consists of $18,359.52 in unpaid overtime and minimum wages, $18,359.52 in liquidated damages, $3,740.00 in attorneys' fees, and $583.64 in costs.

## VI. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendants at the following addresses:

        Crespo's General Contracting, LLC
        c/o Jessie Ann Arguelo, Resident Agent
        5516 Oakwood Road
        Alexandria, Virginia 22310

        Richard Crespo
        6338 Wingate Street, Apt. 202
        Alexandria, Virginia 22312

                                /s/
                          Theresa Carroll Buchanan
                          United States Magistrate Judge

                          THERESA CARROLL BUCHANAN
                          UNITED STATES MAGISTRATE JUDGE

March 28, 2016
Alexandria, Virginia